UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROSE DURU,<br><br>    *Plaintiff*,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>    *Defendants*. | Civil Action No. 17-1547 (RDM) |

## MEMORANDUM OPINION

This matter is now before the Court on two motions to dismiss, Dkt. 27; Dkt. 33, and the

Court's order to show cause, Dkt. 35.  Because Duru has failed to effect service on any of the

Defendants, the Court will **GRANT** the motions to dismiss, will *sua sponte* **DISMISS** the claims

against the remaining Defendants, and will **DISMISS** this action without prejudice.

Plaintiff Rose Duru, proceeding *pro se*, filed this action against nearly seventy

Defendants in August 2017.  Dkt. 1.  Her 140-page complaint lists a slew of causes of action

against each Defendant, *see, e.g.*, Dkt. 1 at 15, but the basis for her suit is difficult to discern.

After voluntarily dismissing two Defendants, *see* Dkt. 4, Duru filed twenty or so motions

for default judgments,[1] *see, e.g.*, Dkt. 9.  Meanwhile, two Defendants moved to dismiss,

---

[1] Duru filed a notice of interlocutory appeal due to "gross delay in granting . . . and entering judgment" in connection with these motions.  Dkt. 41.  In general, "[t]he filing of a notice of appeal, including an interlocutory appeal, 'confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.'" *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)).  However, "[c]ourts have carved out a few narrow exceptions to this rule, such as where the defendant frivolously appeals . . . or takes an interlocutory appeal from a non-appealable order."  *Id.* (citations omitted).  In these circumstances, the Court may "disregard the notice of appeal . . . and proceed with the case." *Van Allen v. U.S. Dep't of Veterans Affairs*, 925 F. Supp. 2d 119, 122 n.1 (D.D.C. 2013).  Duru's

asserting various defenses including lack of personal jurisdiction, improper venue, insufficient

service of process, and failure to state a claim. *See* Dkt. 27 (Gary Weichbrodt); Dkt. 33

(Metrocare Services).

Because Duru is proceeding *pro se*, the Court advised her that if she "fail[ed] to respond"

to the motions to dismiss, the Court could "(1) treat the motion[s] as conceded; (2) rule on [the]

motion[s] based on Defendant[s'] arguments alone and without considering [her] arguments; or

(3) dismiss [Duru's] claims for failure to prosecute." Dkt. 28 at 1 (order following Gary

Weichbrodt's motion to dismiss); *see* Dkt. 34 at 1 (order following Metrocare Services's motion

to dismiss). Duru has not responded to the pending motions to dismiss.

On October 21, 2017, the Court denied Duru's motions for default judgments because,

among other defects, Duru had failed to demonstrate that the summons and complaint were

served in accordance with Rule 4. *See* Dkt. 35 at 1–2. The Court summarized the requirements

of Rule 4 and attached a copy of the Rule to its order. *Id.* at 2, 4–7. The Court also noted that "it

is far from clear that the Court possesses personal jurisdiction over many, or most, of the

Defendants" because "most of the Defendants and many, if not all, of the events giving rise to

this suit have no connection to the District of Columbia." *Id.* at 2. The Court, "[o]ut of an

abundance of caution," granted Duru "a modest extension" of her time to serve. *Id.* In addition,

the Court warned Duru that, "if adequate proof of service [wa]s not filed as to each Defendant,"

the Court would "dismiss [her] claims against that Defendant without prejudice." *Id.* The Court

further ordered Duru to "show cause . . . why each Defendant served should not be dismissed for

lack of personal jurisdiction." *Id.* at 3. Finally, the Court emphasized that "fail[ing] to comply

---

notice does not deprive this Court of jurisdiction because her appeal was not taken from an
appealable order—or, indeed, from any order at all.

with any aspect" of its order "w[ould] result in the dismissal of her corresponding claim or claims without prejudice." *Id.*

The deadline for Duru to effect service and show cause was November 9, 2017. *Id.* Shortly after the Court mailed a copy of its order to Duru at her address of record, the Court received a notice of change of address from Duru. *See* Dkt. 36. Because Duru might not have received the Court's order before moving to her current address, the Court extended her deadline to serve and show cause to December 8, 2017, and directed the Clerk of Court to mail the Court's previous order as well as the order extending Duru's deadline to Duru at her updated address. *See* Minute Order (Nov. 13, 2017). As of the date of this memorandum opinion, Duru has not responded to the motions to dismiss.

As the Court explained in its earlier order, Duru has failed to demonstrate that she effected service on any of the Defendants in accordance with Rule 4. Dkt. 48 at 1–2; *see* Fed. R. Civ. P. 4. In particular, the "Certificate of Service" and delivery receipts attached to her motions for default judgments are inadequate proof of service because service must be accomplished by a non-party. *See* Fed. R. Civ. P. 4(c)(2). Despite an additional opportunity to effect service, moreover, Duru has failed to file adequate proof of service with the Court or, indeed, to respond in any way to the Court's order.

Accordingly, Duru's claims against all Defendants will be **DISMISSED** *sua sponte* without prejudice.  In addition, the Court will **GRANT** the motions to dismiss filed by Gary Weichbrodt, Dkt. 27, and Metrocare Services, Dkt. 33 for insufficient service of process. Further, because no claims remain in this action, the Court will **DISMISS** this case without prejudice.

A separate order will issue.


/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:   January 31, 2018